WELDON WALKER *v.* CITY OF CHARLESTON

Submitted November 21, 1935.   Decided November 30, 1935.

*John N. Charnock,* for plaintiff.

*George E. Price, Philip H. Hill* and *P. G. Meador,* for defendant.

LITZ, PRESIDENT:

This is an application for injunction by a citizen and tax-payer of the City of Charleston (under section 5, article 5, chapter 53, Code 1931), to enjoin the city from conducting a special election for the issuance of $330,000 in municipal bonds payable in 34 years.

The election has been ordered in conformance with section 8, Article X of the Constitution, and article 1, chapter 13, Code 1931, enacted in accordance therewith, authorizing a taxing unit to issue bonds for governmental purposes pur-

suant to local popular vote. The proceeds of the proposed bonds and $447,000, contributed by the Federal government through the Works Progress Administration, will be used for the construction of a municipal bridge across the Great Kanawha River to replace the present structure near the Chesapeake & Ohio Railway Company station.

It is the theory of the bill, as disclosed by argument of counsel, that chapter 67, Acts (Second Extraordinary Session) 1933, repealed article 1, chapter 13 of the Code by allocating approximately thirty per cent of the direct levies authorized under the recent constitutional tax limitation amendment to governmental bonded indebtedness created prior thereto, and approximately seventy per cent of direct levies to current governmental expense.

The ordinance, directing the election, provides that the interest and principal of the bonds shall be discharged from annual levies within the maximum taxes apportioned to current expense of municipal government in preference to all other municipal obligations except debts created prior to the limitation amendment; and finds that there will remain from the levies allocated to municipal current expense and from other income, after providing therefrom for the annual requirements of the bonds, sufficient revenue to maintain requisite functions of municipal government. It is argued on behalf of plaintiff that if governmental subdivisions are permitted to issue bonds for public improvements, they may exercise the privilege to the extent of absorbing the revenues required for orderly government. There is no claim that the contemplated improvement is not vital to public travel. Moreover, it is not the province of this Court to determine how the city shall apportion its limited levies to the various essentials of government. We find no warrant for the proposition that chapter 67 of the 1933 Acts repeals, by implication, article 1, chapter 13 of the Code. The effect of chapter 67, fairly and reasonably interpreted, is to divide direct levies permitted under the constitutional amendment between the requirements for existing indebtedness and future necessary governmental expense, without prescribing the method of incurrence or discharge. More simply stated, the purpose of

the act was to apportion the levies between past and future debts. This Court recently denied a similar injunction, without written opinion, in the case of *Varnum* v. *City of Huntington*, involving the issuance of municipal bonds for public improvement. It appears from the bill that the proceedings preliminary to the holding of the election are, in all respects, free from irregularities.

We, therefore, deny the application for an injunction.

*Injunction refused.*